AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>a cellular telephone | )<br>)<br>)<br>)<br>)<br>) |

Case No. 23mj516 (MEG)

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Connecticut _____
*(identify the person or describe the property to be searched and give its location)*:
A cellular telephone assigned telephone number 203-383-3357 (Subject Phone One) described in Attachment A-5, incorporated herein

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Evidence of steroids trafficking, steroids trafficking conspiracy, money laundering conspiracy, money laundering (promotion, concealment, structuring), as described more fully in Attachment B-1, incorporated herein

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    June 20, 2023
*(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Maria E. Garcia _____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 6/6/23  11:00am

_____
Judge's signature

City and state:    New Haven, CT _____    Hon. Maria E. Garcia, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A-5**

**Property To Be Searched**

Cellular telephones, more particularly described below and collectively referred to as the "Subject Telephones."

This warrant authorizes the forensic and/or physical examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B-5.

The Subject Telephones are described as follows:

1. A cellular telephone assigned telephone number 203-383-3357 used by DINAN and subscribed to DINAN at **Subject Premises One** (**Subject Phone One**); and

2. A cellular telephone assigned telephone number 203-583-5947 used by DINAN for which no subscriber information is provided (**Subject Phone Two**).

**ATTACHMENT B-5**

Particular Things to be Seized

I.  All records and information contained in the Subject Telephones violations of federal law, specifically, Title 21, United States Code, Sections 841 and 846 (conspiracy to distribute and to possess with intent to distribute steroids); Title 21 United States Code, Section 841 (possession with intent to distribute and distribution of steroids); Title 18 United States Code, Section 1956(a)(1)(A)(i) (laundering of monetary instruments with the intent to promote the carrying on of a specified unlawful activity); Title 18 United States Code, Section 1956(a)(1)(B)(i) (laundering of monetary instruments with the knowledge that the transaction is designed to conceal or disguise the proceeds of a specified unlawful activity); Title 18 United States Code, Section 1956(a)(1(B)(ii) (laundering of monetary instruments knowingly avoiding a transaction reporting requirement); and Title 18 United States Code, Section 1956(h) (laundering of monetary instrument conspiracy) (hereafter referred to as the "Target Offense") are being committed by William DINAN (DINAN), a.k.a. Chris DINAN, a.k.a. Chris GAINSTER, a.k.a. Chris APEX, a.k.a. James DEAN, a.k.a. Marty MCFLY; Craig John Edward WILLIAMS (WILLIAMS), a.k.a. Craigy CRAIG, and others., to include the following:

1.  the telephone number, ESN number, serial number, and SIM card number of the telephone;

2.  the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of the telephone;

3.  descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to the Target Offenses;

4.  any and all records, however created or stored, which tend to demonstrate ownership and use of the device/s, and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal files, and photographs of persons contained in the telephone;

5.  any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the telephone, such as passwords, sign-on codes, and program design;

6.  GPS coordinates, waypoints, destinations, addresses, and location search parameters associated with GPS navigation software;

7.  saved searches, locations, and route history in the memory of said telephone;

8. internet browsing history, to include, internet searches in the memory of the telephone;

9. images and videos in the memory of the telephone; and,

10. evidence of user attribution showing who used or owned the telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

II. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

III. It is specifically authorized that stored electronic information, data, information and images contained in the above-described telephone may be reproduced by printing said stored electronic information or otherwise reproducing said stored electronic information, by converting said stored electronic information, or by copying said stored electronic information into storage in another device(s).

IV. To the extent that the Subject Telephones contain removable storage media and/or other devices, examination of such removable media and/or devices is specifically authorized for the same evidence as described in this attachment.

V. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DEA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

VI. USE OF BIOMETRIC DATA TO UNLOCK CELLULAR TELEPHONES

1. During the execution of the search, law enforcement personnel are specifically authorized to obtain from DINAN the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any cellular telephone(s) requiring such biometric access that are subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person's physical biometric characteristics will unlock the cellular telephone(s).

2. While attempting to unlock the cellular telephone by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to

demand that the aforementioned person state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the cellular telephone(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person for the password to any cellular telephone(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any cellular telephone(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.